IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Morell,<br><br>      Plaintiff,<br><br>v.<br><br>Jason Cunningham, Individually, and in his Official Capacity as a Law Enforcement Officer of Centerra Group, LLC; Steven W. Griffith, in his Official Capacity as Sheriff of Barnwell County; Barnwell County Sheriff's Office; Barnwell County; Centerra Group, LLC; Centerra SRS; and Constellis Holding Group, LLC,<br><br>      Defendants. | C/A No. 1:23-cv-5528-SAL<br><br><br>**ORDER** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 15.] For the reasons below, the court adopts the Report and grants Defendants Barnwell County, Barnwell County Sheriff's Office, and Sheriff Steven W. Griffith's motion to dismiss, ECF No. 5.

**BACKGROUND AND PROCEDURAL HISTORY**

  In March 2021, Plaintiff Isaac Morell was arrested in Barnwell County, South Carolina for driving with an unlawful alcohol concentration. [ECF No. 1-1.] He filed this action in March 2023, alleging, among other things, that Defendants subjected him to intentional infliction of emotional distress ("IIED"). *Id.* at 8, 56.[1] The County Defendants and Sheriff Griffith now move to dismiss Morell's IIED claim against them under Federal Rule of Civil Procedure 12(b)(6). [ECF

---

[1] Morell refers to this cause of action as a claim for "outrage." *Id.* Under South Carolina law, outrage and IIED are the same tort. *See Ford v. Hutson*, 276 S.E.2d 776, 777 (S.C. 1981).

1

No. 5.]  They argue South Carolina law forbids such claims against government entities and government actors in their official capacities.

The magistrate judge agrees with the moving Defendants and recommends dismissal. [ECF No. 15.]  Morell filed objections to that recommendation, ECF No. 16, and the moving Defendants replied, ECF No. 17.  The matter is thus fully briefed and ripe for review.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected.  *Id.*  An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report.  *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### DISCUSSION

The magistrate judge finds that Morell cannot state a claim for IIED against the moving Defendants as a matter of law.  The court agrees.

As the Report notes, Morell's IIED claim is governed by the South Carolina Tort Claims Act ("SCTCA"), which allows recovery for torts committed by an employee of a government entity "while acting within the scope of his official duty."   S.C. Code Ann. § 15-78-70(a); *see*

ECF No. 15 at 3–4.  The statute provides that government entities are "liable for their torts in the same manner and to the same extent as a private individual under like circumstances." § 15-78-40.  Section 15-78-30(f) of the SCTCA, however, specifically bars recovery for intentional infliction of emotional distress.  *See also Reynolds v. Summey*, No. 2:22-cv-2649-DCN-JDA, 2023 WL 3020196, at *10 (D.S.C. Mar. 30, 2023) (noting courts in this district have "repeatedly" found such claims impermissible).  Morell therefore cannot recover against the moving Defendants for IIED.

Morell asks the court to retain a portion of his claim, arguing that he states a viable action for negligent infliction of emotional distress in addition to IIED.  [ECF No. 16 at 3.]  The court disagrees.  Under South Carolina law, an action for negligent infliction of emotional is only recognized in narrow circumstances.  *See* ECF No. 17 at 2; *see also Doe v. Greenville Cnty. Sch. Dist.*, 651 S.E.2d 305, 307 (S.C. 2007) (citing *Kinard v. Augusta Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985)).  To state a claim for recovery, a plaintiff must plead the "bystander liability scenario," in which the claimant witnesses a serious accident involving a family member and later suffers physical symptoms of emotional distress.  *Id.*  Morell's complaint—which concerns only his own arrest and prosecution—does not allege any facts to support such a claim.  His objection is therefore overruled.[2]

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 15, is adopted in its entirety and incorporated herein.  Defendants' Rule 12(b)(6) motion, ECF No. 5, is thus **GRANTED**, and

---

[2] The court likewise rejects Plaintiff's vague assertion that the Report should have looked beyond South Carolina tort law because Defendants' "outrageous" conduct violated "his Federal constitutional rights."  ECF No. 16 at 2; *see also* ECF No. 1-1 at 56.

Morell's IIED claim is **DISMISSED** with prejudice as to Defendants Barnwell County, Barnwell County Sheriff's Office, and Sheriff Steven W. Griffith in his official capacity.

    **IT IS SO ORDERED.**

May 15, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge