IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Isaac Morell,<br><br>    Plaintiff,<br><br>v.<br><br>Jason Cunningham, Individually, and in his Official Capacity as a Law Enforcement Officer of Centerra Group, LLC; Steven W. Griffith, in his Official Capacity as Sheriff of Barnwell County; Barnwell County Sheriff's Office; Barnwell County; Centerra Group, LLC; Centerra SRS; and Constellis Holding Group, LLC,<br><br>    Defendants. | Case No.: 1:23-cv-05528-SAL<br><br><br>**ORDER** |

  This matter is before the court on the report and recommendation of the magistrate judge, ECF No. 33, which recommends granting Defendants' motions for summary judgment. *See* ECF Nos. 24, 28.[1] Plaintiff Isaac Morell filed objections to the report on September 26, 2024, ECF No. 34, and Defendants filed timely replies. ECF No. 35, 38. This matter is accordingly ripe for consideration.

### BACKGROUND

  Morell originally filed this action in the Barnwell County Court of Common Pleas alleging seven common law causes of action arising out of his arrest on March 11, 2021. *See* ECF No. 1-1

---

[1] After the magistrate judge's report, the parties stipulated to dismissal with prejudice of all claims against Steven W. Griffith in his official capacity as Sheriff, Barnwell County Sheriff's Office, and Barnwell County ("Barnwell County Defendants"). Their motion for summary judgment, ECF No. 24, is accordingly moot.

1

at 2–8. Upon amending his complaint to state a claim under 42 U.S.C. § 1983, Defendants removed the matter under this court's federal question jurisdiction. *See* ECF No. 1 at 1–2.

The essential facts from which Morell's claims arose are not, despite summary protests to the contrary, genuinely disputed. The magistrate judge's recitation of those facts is incorporated. In sum, at approximately 7:00 A.M. on March 11, 2021, Defendant Jason Cunningham observed Morell standing next to his apparently disabled truck on the side the road. *See* ECF No. 28-2 at 2. No one else was present, and Morell informed Cunningham that someone had tried to run him off the road. ECF No. 28-1 at 68:16–70:16. Cunningham noted several signs of intoxication, including bloodshot eyes, confused and slurred speech, and a strong odor of alcohol. He attempted to administer field sobriety tests. But Morell, after denying any medical conditions, could not complete them. *See* ECF No. 28-2 at 2. Cunningham arrested Morell, read him *Miranda* warnings, and transported him to the Barnwell County Detention Center for a breathalyzer test. *Id.* at 3. The test revealed Morell's blood alcohol concentration of 0.23 percent. *Id.* at 6. Cunningham then issued Morell a uniform traffic ticket, charging him with driving with an unlawful alcohol concentration ("DUAC") in violation of S.C. Code Ann. § 56-5-2933.

The DUAC charge was subsequently dismissed by the state magistrate judge. *See* ECF No. 32-1. Although the reasons for the magistrate judge's dismissal are not in the record, the State appealed the dismissal to the circuit court. *Id.* at 1. In its opinion, the circuit court stated that the magistrate judge exceeded his authority in dismissing the charge, but because the State had not properly preserved this issue, the court affirmed the dismissal. *Id.* at 2. The circuit court also remarked,"[a]s an aside," that dismissal was the correct outcome under *State v. Graves*, 237 S.E.2d 584, 588 (S.C. 1977). It reasoned that dismissal was proper under *Graves* because Cunningham had not personally seen Morell driving his truck. ECF No. 32-1 at 2.

In the operative complaint, Morell alleges he is innocent of the DUAC charge. ECF No. 1-1 at 51. He states claims for (1) wrongful failure to train and supervise; (2) false imprisonment and/or false arrest; (3) gross negligence; (4) malicious prosecution; (5) abuse of process; (6) outrage; (7) assault and battery; and (8) violation of constitutional rights under 42 U.S.C. § 1983. *See generally id.*

The magistrate judge recommends granting summary judgment for Defendants on Morell's § 1983 claims, concluding that Cunningham had probable cause to arrest Morell for DUAC notwithstanding the ultimate dismissal of the charge. Additionally, the magistrate judge found that Cunningham independently had probable cause to arrest Morell for gross intoxication on a highway in violation of S.C. Code Ann. § 16-17-530. As a result, the magistrate judge determined that any claims for unlawful arrest or malicious prosecution necessarily fail.[2] The magistrate judge further found no evidence to support Morell's excessive force claim, where the video evidence revealed no force beyond what was necessary to carry out the arrest. Finally, as to supervisory liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the magistrate judge concluded that Morell's claim fails because he did not establish an underlying § 1983 violation by Cunningham.

For Morell's state-law claims, the magistrate judge recommended granting summary judgment for Defendants, reasoning that Cunningham's probable cause similarly defeats Morell's claims for false imprisonment and malicious prosecution. The magistrate judge further concluded

---

[2] The court notes that Morell's malicious prosecution claim *would* survive summary judgment *if* there was no probable cause to prosecute him for DUAC. *See Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 563 (2024) ("[T]he bringing of one valid charge in a criminal proceeding should not categorically preclude a [malicious prosecution] claim based on the Fourth Amendment."). Rather, for purposes of malicious prosecution, *each* charge must be supported by probable cause. *Id.*

there was no evidence in support of Morell's claims for abuse of process or assault and battery. As to Morell's claim for outrage or intentional infliction of emotional distress, the magistrate judge noted it is barred by the South Carolina Tort Claims Act. Finally, the report observed that Morell failed to submit evidence or even address his negligence claim.

In objecting to the report, Morell's arguments primarily challenge the finding of probable cause. He relies on the "aside" in the circuit court's reasoning, arguing that Cunningham could not charge or arrest him under *State v. Graves*, 237 S.E.2d 584 (S.C. 1977), because Cunningham did not personally witness him driving. Morell further argues that (1) the post-arrest breathalyzer results should not affect the court's probable cause analysis; (2) the determination of probable cause is a "jury question"; and (3) his hearing impairment could lead a jury to conclude that his intoxication-like behavior was solely attributable to his hearing condition.[3]

## LEGAL STANDARD

### I. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.*

---

[3] Morell makes a few other passing arguments. He submits that Cunningham acted outside the scope of his employment for purposes of the South Carolina Tort Claims Act because he subjectively believed he had probable cause to arrest Cunningham, and that Morell in fact has "scars" and continuing pain from being placed in handcuffs. The former argument borders on frivolous, and the latter remains unsupported by any evidence in the record. These objections are overruled.

4

at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations asserted in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## II.     Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the report that have been specifically objected to, and the court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1). An objection is sufficiently specific if it reasonably alerts the district court of the true ground for

the objection. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Without specific objections, the court need not provide an explanation for adopting the report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The court first addresses Morell's objections regarding probable cause. Notwithstanding the favorable dicta from the circuit court in resolving Morell's criminal appeal,[4] this court finds ample, undisputed facts in the record to support Cunningham's warrantless arrest and Morell's subsequent prosecution for DUAC.

"To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). Probable cause exists when the facts and circumstances known to a police officer "would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *See United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988). Probable cause "is an objective standard of probability that reasonable and prudent persons apply in everyday life," which requires

---

[4] In his objections, Morell claims that the circuit court made a ruling on probable cause. *See* ECF No. 34 at 14 (characterizing the circuit court's opinion as "arguably" ruling that "the arresting officer's arrest of the Plaintiff did not comply with *State v. Graves*"). He fails to relay the circuit court's finding that dismissal of the DUAC charge occurred outside the magistrate judge's authority and that the dismissal was affirmed solely because the State failed to preserve that issue. The circuit court's reference to *Graves* was expressly dicta that did not analyze probable cause to make an arrest at all. *See* ECF No. 24-5 at 2.

6

more than a "bare suspicion" but less than the evidence necessary to convict. *See United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (en banc).

Against this backdrop, Morell argues that the holding in *State v. Graves* precluded Cunningham from establishing probable cause because Cunningham did not personally observe Morell driving. This argument fails. In *Graves*, the trial court denied the defendant's motion for a directed verdict of acquittal on a DUI charge. *See* 237 S.E.2d at 585–86. Although the defendant was convicted, the circuit court reversed the conviction, reasoning that the arresting officer did not personally witness the defendant "driving" his vehicle. *Id.* at 586. The South Carolina Supreme Court, however, explicitly rejected this reasoning on appeal. The issue was whether the term "drive" as used in S.C. Code Ann. § 56-5-2930 and § 56-5-2933 required any evidence that the vehicle was in motion. The court held that it did but clarified that this requirement could be satisfied by *either* direct or circumstantial evidence. *Id.* at 588 (emphasis added). Thus, *Graves* establishes that the State need not provide direct evidence—such as an eyewitness, which the circuit court erroneously found essential in *Graves* and here—to survive a motion for a directed verdict.[5]

Subsequent case law reinforces that direct evidence of "driving" is unnecessary for a case to reach the jury or for an officer to develop probable cause for arrest. *See* ECF No. 33 at 12–13 (citing *Anderson v. State*, 898 S.E.2d 218, 222 (S.C. Ct. App. 2024); *State v. Russell*, 546 S.E.2d

---

[5] Of course, the quantum of evidence necessary to establish probable cause to make an arrest lies somewhere below that needed to survive a motion for a directed verdict at trial: "[I]n ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to *find the defendant guilty beyond a reasonable doubt*." *State v. Pearson*, 783 S.E.2d 802, 807 (S.C. 2016) (emphasis added) (quoting *State v. Bennett*, 781 S.E.2d 352, 354 (S.C. 2016)). Probable cause, alternatively, is more than bare suspicion but less than the evidence necessary to obtain a conviction. *Gray*, 137 F.3d at 769.

202, 205 (S.C. Ct. App. 2001)); *see also State v. Osborne*, 516 S.E.2d 201, 205 (S.C. 1999); *State v. Abraham*, 759 S.E.2d 440, 443 (S.C. Ct. App. 2014). In each case, the appellate courts upheld convictions where circumstantial evidence, corroborated by the defendant's statements, was sufficient for a jury to determine whether the defendant had been driving.

For example, in *Osborne*, an officer discovered a single-vehicle wreck with *no one* at the scene. 516 S.E.2d at 202. About two hours later, the defendant was located at a gas station, initially claiming his vehicle had been stolen. *Id.* Upon being advised of the penalties for making a false report, the defendant "admitted he wrecked the car . . . ." *Id.* The defendant's admission, together with the officer's observations of intoxication and failed field sobriety tests, "allowed a reasonable inference that the crime of driving under the influence was committed." *Id.* at 202, 205. The South Carolina Supreme Court accordingly reinstated the DUI conviction based on these facts. Morell's reliance on *Graves*, and by extension the circuit court's citation to it, is therefore misplaced.. As established in *Anderson*, *Russell*, *Osborne*, and *Abraham*, direct evidence of driving is not required for probable cause or a jury determination of guilt. Circumstantial evidence and corroborative statements, as present here, are sufficient to meet either standard.

Here, the magistrate judge noted the following facts known to Cunningham which supported his determination of probable cause:

> Plaintiff was found standing on the side of a state highway next to a vehicle that was stuck in a ditch; was visibly intoxicated; admitted to driving the vehicle, informing Cunningham repeatedly "he ran me off the road" and "I can't find my keys"; was soaked from having been in the ditch water and had a twig on him, indicating he had fallen out of the passenger side door; failed the standard field sobriety tests; and could not articulate where he had been, where he was going, when he had been drinking, or when he had run his vehicle off the road.

ECF No. 33 (citing Cunningham's body-worn camera video, ECF No. 28-3).[6] Nor was there anyone else in the vicinity. Only the most fantastical interpretation of these facts could reconcile them with the idea that Morell was *not* "driving" the truck as that term is defined by *Graves*. Where *Graves* and subsequent appellate opinions permit circumstantial evidence to prove that a defendant was "driving" *at trial*, it is indisputable that circumstantial evidence known to Cunningham provided probable cause to make the arrest. Morell, however, seeks to turn this into a temporal question. How could Cunningham reasonably believe that Morell was driving while unlawfully intoxicated? After all, Morell stated he spent the whole night in his truck on the side of the road. He therefore argues that the only reasonable conclusion Cunningham could draw was that, after being run off the road, he chose to drink inside his disabled vehicle. While this is a theoretically possible scenario, the court must note that no alcoholic beverages or containers were found at the scene—a fact acknowledged by Morell. His theory of innocence, within the context of a probable cause analysis, strains even the most generous bounds of plausibility.

Finally, Morell's assertion that he is hard of hearing is unsupported by the record and does not create a genuine dispute. He appears to argue that his inability to complete field sobriety tests could be attributed, by a jury, to a hearing problem. While he claims his hearing problem is

---

[6] These facts exclude later-obtained breathalyzer results, and Morell's complaint that the magistrate judge improperly considered the breathalyzer to support the initial probable cause determination is unfounded. Morell goes even further, arguing that the post-arrest, pre-charging breathalyzer results should be "excluded" because (1) the DUAC charge was dismissed, and (2) he could not challenge the credibility of the breathalyzer result of 0.23 percent in the criminal case. Dismissal of the criminal charge has nothing to do with whether the breathalyzer results are relevant or admissible in this case, and, as Defendants note, Morell had every opportunity to challenge the credibility of the test during the discovery period. It appears that those discovery efforts were not successful. *See* ECF Nos. 29-1, 29-2 (deposing witnesses on this topic). Morell's point that the breathalyzer result cannot justify the initial arrest is well-taken, but the result is inherently relevant to Morell's malicious prosecution claims. Morell does not, however, develop a specific objection in this regard.

documented, the record contains no evidence to substantiate this claim, rendering his objection conclusory. Moreover, the video evidence demonstrates that Morell's alleged factual dispute regarding his hearing is not genuine. *See* ECF Nos. 28-3, 28-4.

The "historical facts, viewed from the standpoint of an objectively reasonable police officer," *Pringle*, 540 U.S. at 371, fully support Cunningham's determination of probable cause to believe that Morell was driving his truck with an unlawful alcohol concentration.[7] And for purposes of Morell's malicious prosecution claims, the court further considers Morell's blood alcohol concentration of 0.23 percent, as measured by Cunningham before filing the charge. Morell's objections on probable cause are accordingly overruled. Any remaining objections raised by Morell are undeveloped and lack the specificity to warrant or enable *de novo* review.

---

[7] Morell contends that the existence or non-existence of probable cause must be decided by a jury. *See* ECF No. 34 at 12–13 (citing *Jones v. City of Columbia*, 389 S.E.2d 662, 663 (S.C. 1990) ("South Carolina follows the minority rule that the issue of probable cause is a question of fact and ordinarily one for the jury.")). But "[a] district court's determination of probable cause under the Fourth Amendment is an issue of law . . . ." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996) (citing *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991)). This is a procedural distinction, and this court's determination of probable cause—based on undisputed facts—is a question of law. For purposes of the present motion, however, it is a distinction without a difference because there is only one reasonable conclusion. *See Sedar v. Reston Town Ctr. Prop.*, LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("The court may grant summary judgment . . . if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict.").

## CONCLUSION

Plaintiff's objections to the magistrate judge's report, ECF No. 34, are **OVERRULED**, and the report is **ADOPTED** and incorporated. Accordingly, the motion for summary judgment filed by the remaining Defendants here, ECF No. 28, is **GRANTED**. The Barnwell County Defendants' motion for summary judgment, ECF No. 24, is **DENIED** as moot.

**IT IS SO ORDERED.**

January 28, 2025                                                Sherri A. Lydon
Columbia, South Carolina                                  United States District Judge